# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN C. DUVALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-247-F |
| ) | |
| OKLAHOMA STATE BOARD OF ) | |
| OSTEOPATHIC EXAMINERS et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER REQUIRING SERVICE AND SPECIAL REPORT

Plaintiff John Duvall, appearing pro se, has filed this action under 42 U.S.C. § 1983 and Oklahoma tort law, claiming lack of medical care. The Court has conducted a preliminary review of the Amended Complaint (Doc. No. 11) and finds that an investigation and special report are necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). In compliance with the guidelines set forth in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), IT IS THE ORDER OF THIS COURT that:

(1) Plaintiff shall cause a copy of this Order and of the Amended Complaint, along with a summons issued by the Court Clerk, to be served on each Defendant named in the Amended Complaint. *See* Fed. R. Civ. P. 4(c)(1). Service shall be accomplished as follows:

   (a) Because Plaintiff has already provided the necessary forms for requesting the issuance of summonses (Doc. No. 9), the Court Clerk will issue the summonses and mail them to Plaintiff. Each Defendant must be served in accordance with Federal Rule of Civil Procedure 4 within ninety (90) days from the date of this Order.

   (b) Unless service is waived, Plaintiff must ensure that a proof of service is filed for each Defendant on or before the expiration of this 90-day period.

*See* Fed. R. Civ. P. 4(c), (d), (*l*), (m). The failure to file timely proofs of service as to any Defendant may result in the dismissal of the claims against that Defendant. *See* Fed. R. Civ. P. 4(m).

(2) Officials responsible for the operation of James Crabtree Correctional Center in Helena, Oklahoma, shall undertake a review of the subject matter of the Amended Complaint:

   (a) to ascertain the facts and circumstances, including the outcome of administrative relief sought by Plaintiff;

   (b) to consider whether any action can and should be taken by the institution or appropriate officials to resolve the subject matter of the Amended Complaint; and

   (c) to determine whether prior related complaints, either in this Court or elsewhere, should be considered together with this Amended Complaint.

(3) Following completion of the review, a written special report setting forth the findings shall be compiled. The special report shall restate in separate paragraphs the allegations of the Amended Complaint followed by the pertinent information developed by the review. If appropriate, medical and psychiatric records shall be included in the special report. Likewise, any rules and regulations applicable to the claims and time frame of the Amended Complaint shall be included as part of the special report.

(4) The special report shall be filed no later than sixty (60) days from the date on which the first Defendant is served. If a Defendant waives service, the date on which the waiver form is sent shall be considered the date of service. *See* Fed. R. Civ. P. 4(d)(4).

(5) Further, in accordance with 42 U.S.C. § 1997e(g)(2) and Local Civil Rule 9.2(c), the Court orders each Defendant to file an answer or a dispositive motion within sixty (60) days of service.

(6) If a motion to dismiss or other dispositive motion is filed, Plaintiff must file a response within twenty-one (21) days from the date the motion was filed. *See* LCvR 7.1(g). Failure to respond to the motion within that time period may result in the motion being deemed confessed. *Id.*

(7) Unless otherwise ordered, any party shall have seven (7) days to respond to a request for an extension of time.

(8) No discovery shall be served upon any party until the special report has been filed, except as the Court may otherwise order.[1]

The Court Clerk is directed to mail Plaintiff a copy of this Order.

IT IS SO ORDERED this 26th day of June, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants are advised that a dispositive motion based on the affirmative defense of failure to exhaust administrative remedies is typically considered a motion for summary judgment, governed by the procedural rules applicable to such motions. If appropriate, however, Defendant(s) may seek leave from the Court to file an initial motion for summary judgment based solely upon this affirmative defense and to have the parties' discovery initially limited to the nonexhaustion issue. If disposition of such an initial motion is not dispositive of the entire case, the Court may grant leave for Defendant(s) to file a second motion for summary judgment. *See* LCvR 56.1(a).