# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN C. DUVALL, | ) |
|       Plaintiff, | ) |
| -vs- | ) Case No. CIV-17-0247-F |
| OKLAHOMA STATE BOARD OF<br>OSTEOPATHIC EXAMINERS, et al., | ) |
|       Defendants. | ) |

## **ORDER**

This action, referred to in the Second Amended Complaint as a "diversity & civil rights" action, is brought by plaintiff John C. Duvall, a Missouri prisoner currently in the custody of the Oklahoma Department of Corrections. Plaintiff proceeds *pro se*. His pleadings are liberally construed.

Magistrate Judge Charles B. Goodwin (now United States District Judge Goodwin) issued a Report and Recommendation on August 10, 2018, recommending that defendants' dispositive motions (doc. nos. 43, 46, 66) be granted, and that the court grant defendants summary judgment on, or dismissal of, all of plaintiff's federal and state-law claims. Doc. no. 72 (the Report). The Report also recommends denying as moot plaintiff's motion for partial summary judgment. Doc. no. 37.

Plaintiff objects to the Report. Doc. nos. 79, 81. All objected to matters have been reviewed *de novo*. Plaintiff's objections to the Report are considered and denied in Part I of this order.

In addition, plaintiff moves to impose service costs on defendant Betsy Hormel. Doc. no. 71. That motion was filed one day before the Report was entered and is not addressed in the Report. That motion is considered and denied in Part II of this order.

After the filing of the Report, plaintiff moved for leave to amend his Second Amended Complaint and for permission to add ten new parties to this action. Doc. no. 78. Defendant Oklahoma State Board of Osteopathic Examiners (OSBOE) responded, objecting to the proposed amendment and to the new parties. Doc. no. 80. Plaintiff filed a reply brief. Doc. no. 82. Plaintiff's motion for leave to amend is considered and denied in Part III of this order.

## I. Plaintiff's Objections to the Report

Plaintiff argues that the magistrate judge "supplied defendants with their specific factual defense under the PLRA." Doc. no. 2, p. 17 (proposition heading). Plaintiff complains, basically, that the magistrate judge addressed arguments which the defendants either did not make or did not fully make. The magistrate judge did not improperly advocate on behalf of the defendants. This objection will be denied.

Most of plaintiff's objections to the Report center on the contention that the Report incorrectly concludes that plaintiff failed to exhaust his administrative remedies within the prison system. Plaintiff argues that he did not have to exhaust because prison officials did not reach the merits of his complaints when they answered his requests to staff or when they rejected his emergency grievance. He contends that absent a ruling on the merits of his complaints, there were no further, available administrative remedies for him to exhaust. The Report addresses this issue. *See, e.g.*, doc. no. 72, pp. 10-11. As the cases cited in the Report demonstrate, a plaintiff is required to exhaust if prison officials return a grievance without action.

This rule applies even if the grievance was improperly rejected by prison officials because an appeal might have rectified the error. All of plaintiff's objections related to exhaustion will be denied.

Plaintiff argues the Report recommends, incorrectly, dismissal of the intentional infliction of emotional distress (IIED) claim. The Report recommends dismissal of this claim, without prejudice, for failure to state a claim. Plaintiff contends the Report should have taken into account the "settings" in which the defendants' alleged conduct occurred. With or without any additional consideration of the "settings" or context of the alleged conduct, a plausible claim for relief is not stated. This objection will be denied.

Plaintiff's supplement to his objections has also been considered. The supplement includes nothing which changes the court's conclusion that the Report should be adopted in all respects.

After careful consideration of all of plaintiff's objections, whether or not specifically addressed in this order, the court finds that it agrees with the findings and recommendations stated in the Report. Accordingly, plaintiff's objections to the Report are **DENIED**. Doc. nos. 79, 81. The Report is **ADOPTED**, **ACCEPTED** and **AFFIRMED**. Doc. no. 72. The following rulings are made as recommended in the Report.

Defendants' dispositive motions (doc. nos. 43, 46, 66) are **GRANTED**. Specifically:

-- Defendants Troutt and Hormel are **GRANTED SUMMARY JUDGMENT** in their favor on all of plaintiff's federal claims;

-- Plaintiff's state-law claims as to defendants Troutt and Hormel are **DISMISSED**, without prejudice, for failure to state a claim upon which relief may be granted; and

-- Plaintiff's state-law claim against defendant OSBOE is **DISMISSED**, without prejudice, as barred by the Eleventh Amendment.

In addition, plaintiff's motion for partial summary judgment against OSBOE is **DENIED** as moot. Doc. no. 37.

## II. Plaintiff's Motion for Imposition of Service Costs Upon Defendant Betsy Hormel

Plaintiff seeks an order imposing $50.00 in service fees on defendant Hormel. Doc. no. 71. The motion does not establish all of the prerequisites for such an order. *See generally*, Rule 4(d)(1),(2), Fed. R. Civ. P. For example, the motion relies on plaintiff's affidavit at doc. no. 61-1. The motion, and that affidavit, state that plaintiff mailed "Two (2) copies of the 'Waiver of the Service of Summons' forms" to Hormel. But neither the motion nor the affidavit attachs a copy of the forms mailed to Hormel. Moreover, the wording of the motion and the affidavit suggest that only the form entitled "Waiver of the Service of Summons" was mailed, as these documents mention a form by that title but say nothing about the form entitled "Notice of a Lawsuit and Request to Waive Service of Summons" or the form entitled "Duty to Avoid Unnecessary Expenses of Serving a Summons." All of these forms are appended to Rule 4, and they are all important because, among other things, they advise a defendant of the consequences of opting not to waive service.[1]

---

[1] Under Rule 4(d)(1)(C) and (D), the notice must include two copies of the waiver form "appended to this Rule 4," and plaintiff must "inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service…."

In addition, the court notes that plaintiff's motion is not limited to a request that costs be imposed on Hormel for refusing to waive service. The motion goes farther than that, asking the court to order the State of Oklahoma not to pay those costs on behalf of Hormel and not to reimburse Hormel for those costs. This court does not have jurisdiction to direct the State of Oklahoma regarding what it may or may not pay or reimburse in relation to this issue.

Plaintiff has not made a sufficient showing that he satisfactorily complied with Rule 4(d), Fed. R. Civ. P., so as to be entitled to an order imposing $50.00 in service costs on Hormel. The motion for imposition of service costs on defendant Hormel is **DENIED**. Doc. no. 71. This motion is denied without prejudice to re-urging, within fourteen days of today's date, if plaintiff can file a new motion with attached evidence establishing substantial compliance with all of the requirements of Rule 4(d), Fed. R. Civ. P.[2]

### III. Plaintiff's Motion for Leave to Amend His Complaint And to Add Parties

The original complaint was filed on March 6, 2017, over 19 months ago. Doc. no. 1. On June 1, 2017, plaintiff filed a First Amended Complaint. Doc. no. 11. On November 24, 2017, plaintiff sought leave to file another amendment and to add parties. Doc. no. 27. At that time, this action was still before the magistrate judge. That motion was granted, and this action proceeded on the basis of the Second Amended Complaint. On September 12, 2018, after the issuance of a detailed Report (the Report affirmed in Part I of this order), plaintiff again sought leave to amend this action by filing a Third Amended Complaint which would add new allegations

---

[2] Hormel did not respond to the current motion. If a new motion is filed, Hormel is required to respond to it unless this issue has, by then, been otherwise resolved (for example, by payment to plaintiff), in which case Hormel must so advise the court.

and new parties. OSBOE objects to the motion, arguing that the amendment, at this late stage, would be highly prejudicial.

The court is not required to permit a new version of the complaint at this late stage, much less a version which would add ten new parties. In addition, many of the proposed amended allegations relate to arguments regarding exhaustion which have already been rejected. Plaintiff's motion for leave to amend is **DENIED**. Doc. no. 78.

IT IS SO ORDERED this 15th day of October, 2018.

*[Signature]*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0247p006.docx